**AFFIRMED as Modified; Opinion Filed July 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00106-CR
No. 05-14-00107-CR

**ZEFERINO LABORICO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-25511-R, F10-25512-R**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Zeferino Laborico, Jr. appeals from the adjudicating of his guilt for aggravated sexual assault of a child and indecency with a child. In two issues, appellant contends the trial court's judgments should be modified to show there were no plea bargain agreements in these cases. The State agrees the judgments should be modified as appellant asks. We modify the trial court's judgments adjudicating guilt and affirm as modified.

Appellant waived a jury and pleaded guilty to aggravated sexual assault of a child younger than fourteen years and indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.021(a)(B) (West 2011 & Supp. 2013). In the indecency case, appellant also

pleaded true to one enhancement paragraph alleging a prior felony conviction. Pursuant to plea agreements, the trial court deferred adjudicating guilt, placed appellant on five years' community supervision, and assessed a $1,500 fine in each case. The State moved to adjudicate guilt, alleging appellant violated the conditions of community supervision. In a hearing on the motions, appellant rejected a plea agreement from the State, pleaded true to the allegations in a hearing on the motions, and asked the trial court to continue his community supervision. The trial court found the allegations true, adjudicated appellant guilty in each case, and assessed punishment at twenty-five years' imprisonment on the aggravated sexual assault of a child conviction and fifteen years' imprisonment on the indecency with a child conviction.

The judgment in each case states there were terms of a plea bargain agreement. Thus, the judgments are incorrect. We sustain appellant's two issues.

We modify the judgments adjudicating guilt to show the terms of plea bargain were "open." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). As modified, we affirm the trial court's judgments.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140106F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZEFERINO LABORICO, JR., Appellant

No. 05-14-00106-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-25511-R).
Opinion delivered by Justice Evans,
Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered July 30, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZEFERINO LABORICO, JR., Appellant

No. 05-14-00107-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 265th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-25512-R).
Opinion delivered by Justice Evans, Justices Fillmore and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered July 30, 2014.

-4-